S:\FILES\4894_CROSS HARBOR\LIMITATION PLEADINGS\4894LIMITATIONORDER.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE9890)
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Petitioners
GJ RAILCO ASSETS LLC and
NEW YORK CROSS HARBOR RAILROAD
TERMINAL CORP.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



**CV 06 3182**

---

In the Matter of the Petition of )
GJ RAILCO ASSETS LLC and NEW YORK )
CROSS HARBOR RAILROAD TERMINAL ) 06 Civ.         (   )
CORP., as Owner/Charterer of )
CARFLOAT #30 for Exoneration from or ) **REYES, M.J**
Limitation of Liability )
)

---

ROSS, J

## ORDER DIRECTING ISSUANCE OF NOTICE AND RESTRAINING SUITS

A Petition having been filed herein on June 28, 2006 by the above-named Petitioners as Owner and Charterer of the CARFLOAT #30, for exoneration from or limitation of liability, pursuant to §§ 4283, 4284, 4285 and 4289 of the Revised Statutes of the United States (46 U.S.C. §§ 181, et seq.), and Rule F of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, for any loss, damage, injury or expense arising out of or in connection with a voyage in progress by the subject vessel on January 8, 2006,

1

AND the Petition having stated the facts and circumstances upon which exoneration and limitation are claimed, and that the value of Petitioners' interest in the said vessel is approximately negative (-) $337,000, as evidenced by the Affidavit of James W. Cornell,

AND, it appearing that claims have been asserted against Petitioners and/or the vessel for loss, damage, injury or destruction alleged to arise out of the aforesaid voyage,

NOW, THEREFORE, on motion of the Petitioners by and through above-named counsel, it is

ORDERED that Petitioners are not required to file with the Court an <u>ad interim</u> stipulation for value, or a bond, cash or other security for the benefit of claimants as security for the amount or value of the Petitioners' interest in the subject vessel, and it is further

ORDERED that the Court, upon motion, shall cause due appraisal of the value of the Petitioners' interest and may thereupon issue such other and further Order respecting security as the Court deems just and proper; and upon demand, the Court may make such other and further Order as it deems necessary and proper if the Court finds that such an Order is necessary to carry out the provisions of § 4283 of the Revised Statutes of

the United States (46 U.S.C. § 183) as amended, in respect of loss of life or bodily injury; and it is further



ORDERED that a notice shall be issued by the Clerk of this Court to all persons asserting claims with respect to which the Petitioners seek exoneration and limitation, admonishing such persons to file their respective claims with the Clerk of this Court in writing, and to serve on the attorneys for Petitioners a copy thereof on or before the __26th__ day of __September__, 2006 or be defaulted, and that if any claimant desires to contest either the right to exoneration from or limitation of liability, he/she shall file and serve upon the attorneys for Petitioners an Answer to the Petition on or before such date, unless his/her claim has included an Answer to the Petition, so designated, or be defaulted; and it is further

ORDERED that public notice of the aforesaid admonition be given by publication in the New York Law Journal as provided by the aforesaid Supplemental Rule F, and it is further

ORDERED that further prosecution of any and all actions, suits and proceedings already commenced, and the commencement or prosecution hereafter of any and all suits, actions or proceedings of any nature and description whatsoever, in any jurisdiction, and the taking of any steps and/or the making of

3

any motions in such actions, suits or proceedings against Petitioners, their agents, representatives or insurers, or the vessel, except in this action, to recover damages for or in respect of any loss, damage, injury or expense arising out of the subject voyage, as alleged in the Petition, be and the same hereby are restrained, stayed and enjoined until the hearing and determination of this action, and it is further

ORDERED that service of this Order as a restraining order may be made through the United States Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys, if known, or alternatively delivery by hand.

ORDERED that Petitioner file on deposit $250.00 with the Clerk of the Court pursuant to Rule F of the Supplementary Admiralty Rules.

Dated: Brooklyn, New York
       June 28, 2006

                                    _____Allyne R. Ross_____
                                    United States District Judge

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
                                    )
In the Matter of the Petition of    )
GJ RAILCO ASSETS LLC and NEW YORK   )
CROSS HARBOR RAILROAD TERMINAL      )   06 Civ.
CORP., as Owner/Charterer of        )
CARFLOAT #30 for Exoneration from or)
Limitation of Liability             )
                                    )
_____ )

                AFFIDAVIT OF JAMES W. CORNELL

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF ERIE      )

        James W. Cornell, being duly sworn, deposes and says:

        1.  I am Managing Director of Petitioner New York Cross Harbor Railroad Terminal Corp. ("NYCH"). I have held this position since 2005.

        2.  I make the within affidavit in support of the petition of NYCH and GJ Railco Assets LLC for exoneration from, or limitation of liability in connection with the sinking of CARFLOAT #30 in Brooklyn on or about January 8, 2006.

        3.  Following the sinking of CARFLOAT #30, NYCH negotiated and entered into a written contract with a marine salvor, Don Jon Marine Co., to raise and re-float the vessel.

        4.  Pursuant to the terms of that written contract, NYCH was required to pay to Don Jon Marine the sum of $397,000, regardless of the degree of success achieved.

1

5. Don Jon Marine undertook to raise the vessel during April and May of 2006. On May 3, 2006, CARFLOAT #30 was raised and re-floated by Don Jon Marine Co.

6. Pursuant to the terms of the salvage contract, Don Jon Marine Co. was paid $397,000 by NYCH and/or their insurers for the salvage.

7. At the time of the January 2006 casualty, CARFLOAT #30 had been in service since approximately 1953.

8. At the time of the casualty, there were no unpaid or pending freights due to Petitioners or CARFLOAT #30 in connection with the subject voyage.

9. Following the successful salvage of CARFLOAT #30, the vessel was sold on or about May 24, 2006 to Don John Marine Co. for $60,000.

_____
James W. Cornell

Sworn to before me this
23RD day of June, 2006

_____
Notary Public

LINDA K. MIDDAGH
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 5/5/20 07

2

S:\FILES\4894_CROSS HARBOR\LIMITATION PLEADINGS\4894BRIEFCOVER.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE 9890)
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Petitioners
GJ RAILCO ASSETS LLC and
NEW YORK CROSS HARBOR RAILROAD
TERMINAL CORP.


CV 06 3182

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————
In the Matter of the Petition of          )
GJ RAILCO ASSETS LLC and NEW YORK          )
CROSS HARBOR RAILROAD TERMINAL             )   06 Civ.            (    )
CORP., as Owner/Charterer of               )
CARFLOAT #30 for Exoneration from or       )
Limitation of Liability                    )
———————————————————————

PETITIONERS' MEMORANDUM OF LAW IN SUPPORT
OF PETITION FOR EXONERATION OR LIMITATION

REYES, M.J

Dated:   New York, New York
         June 28, 2006


CRAIG S. ENGLISH, ESQ.
THOMAS C. MURPHY, ESQ.
     Of Counsel


*Kennedy Lillis Schmidt & English*
*75 Maiden Lane, Suite 402*
*New York, New York 10038-4816*
*Telephone: (212) 430-0800*

S:\FILES\4894_CROSS HARBOR\LIMITATION PLEADINGS\4894LIMITATIONMEMO.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE 9890)
75 Maiden Lane - Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0800
Telecopier:  212-430-0810
Attorneys for Petitioners
GJ RAILCO ASSETS LLC and
NEW YORK CROSS HARBOR RAILROAD
TERMINAL CORP.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

In the Matter of the Petition of )
GJ RAILCO ASSETS LLC and NEW YORK )
CROSS HARBOR RAILROAD TERMINAL ) 06 Civ.         (   )
CORP., as Owner/Charterer of )
CARFLOAT #30 for Exoneration from or )
Limitation of Liability )

---

PETITIONERS' MEMORANDUM OF LAW IN SUPPORT
OF PETITION FOR EXONERATION OR LIMITATION

      Petitioners, GJ Railco Assets LLC and New York Cross Harbor Railroad Terminal Corp. ("Petitioners"), respectfully submit the within memorandum of law in support of their Petition for Exoneration from, or Limitation of Liability in connection with the sinking of CARFLOAT #30.

      For the reasons set forth below, Petitioners are not required to post security in connection with this action, as the

1

value of their interest in the subject Vessel is a negative (*i.e.*, below zero) value.

## SUMMARY OF FACTS

This action arises out of the sinking of the vessel CARFLOAT #30 ("the Vessel") on January 8, 2006 at Pier 7, Brooklyn. Petitioner GJ Railco Assets LLC was at all material times the owner of the Vessel. Petitioner New York Cross Harbor Railroad Terminal Corp. ("NYCH") was at all material times the operator of the Vessel, pursuant to an Operating Lease from GJ Railco Assets LLC.

The sunken Vessel was ultimately raised and re-floated on May 3, 2006 by a commercial salvor, Don Jon Marine Co. ("DJM"). Pursuant to a salvage contract between DJM and NYCH, DJM was paid $397,000 by Petitioners and their insurers for raising and re-floating the Vessel. On May 24, 2006, the re-floated Vessel was sold and transferred by GJ Railco Assets LLC to DJM for a total sale price of $60,000. A recitation of the facts of the salvage payment and sale of the Vessel can be found in the accompanying **Affidavit of James W. Cornell**.

**ARGUMENT**

THE VALUE OF PETITIONERS' INTEREST IN THE
VESSEL, AS CALCULATED FOR PURPOSES OF THE
LIMITATION OF LIABILITY ACT, IS LESS THAN ZERO

**A.   The value of the Vessel after the sinking was $60,000.**

In the case at bar, the sinking of the Vessel gave rise to several claims against Petitioners totaling, as far as now known, in excess of $700,000. Petitioners seek by means of the within action to avoid or limit liability for the casualty pursuant to the U.S. Limitation of Liability Act, sections 4281 through 4289 of the Revised Statutes of the United States (46 U.S.C. §§ 181, *et seq.*) (hereinafter "the Act").

The Act "creates a procedure whereby [a] shipowner's liability for certain claims may be limited to the 'value of the interest of such owner in such vessel' - the value at the termination of the voyage - and 'freight then pending' - freight monies earned by the vessel owner during the voyage." Schoenbaum, <u>Admiralty and Maritime Law</u>, Vol. 2, § 15-5 at p. 305 (2d Ed. 1994), *quoting*, 46 U.S.C. § 183(a).

In an action brought under the Act, a Petitioner is required to

> deposit with the court, for the benefit of the claimants, a sum equal to the amount or value of

3

> his interest in the vessel and pending freight, or approved security therefor, and in additions such sums, or approved security therefor, as the court may from time to time fix as necessary.

Supplemental Admiralty Rule F(1). The deposit referred to in Rule F(1) is commonly known as a "limitation fund," and may take the form of cash, a bond, or an *ad valorem* stipulation for value.

As set forth in Rule F(1), the amount of the limitation fund is the value of the Petitioner's interest in the subject vessel, plus pending freights, if any. In the case at bar, there were no freights due or owing on the Vessel at the time of the subject casualty (*see*, Affidavit of James W. Cornell at par. 8).

The value of a Vessel after a casualty for purposes of the Act is the price realized by the Petitioner in a post-casualty sale of the Vessel. In re American Milling Co., 125 F.Supp.2d 981, 985-7 (E.D. Mo. 2001), rev'd on other grounds, 409 F.3d 1005 (8th Cir. Mo. 2005); Cody v. Phil's Towing Co., 247 F.Supp.2d 688, 693-4 (W.D. Pa. 2002); In re Union Ferry Co. of New York and Brooklyn, 37 F.2d 95, 96 (2d Cir. 1930).

In the case at bar, the Vessel was sold after being raised and re-floated for $60,000. The Vessel had been approxi-

4

mately fifty-three years in service, and had spent about four months submerged on the bottom of the East River prior to being re-floated. *See*, Affidavit of James W. Cornell at par. 7-9. The post-casualty value of the Vessel for purposes of the Act is therefore $60,000.

**B.  The salvage costs paid to DJM must be subtracted from the value of the Vessel after the sinking in order to properly calculate the value of Petitioners' interest in the Vessel.**

As set forth in the accompanying Affidavit of James W. Cornell, Petitioners necessarily incurred salvage costs in the amount of $397,000 to re-float the Vessel before it could be sold.

Costs paid to salvage a vessel post-casualty must be deducted from the post-casualty value of the vessel in order determine a Petitioner's interest in the vessel for purposes of the Act. In re Complaint of Dephinus Maritima S.A., 1981 A.M.C. 2385, 2389 [1] (S.D.N.Y. 1981) ("[the] vessel owner's interest is measured by the value of the vessel . . . in its damaged condition, after deducting from such value an award to the salvors

---

[1] (not officially reported)

5

who brought her to port."); <u>In re Complaint of Kreta Shipping S.A.</u>, 1997 U.S. Dist. LEXIS 2825 at [**26-29], 1997 A.M.C. 1676, (S.D.N.Y. 1997) (not officially reported), <u>aff'd in part and remanded</u> *sub nom*, <u>Kreta Shipping S.A. v. Preussag Int'l Steel Corp.</u>, 192 F.3d 41, 1999 A.M.C. 2858 (2d Cir. 1999).

## CONCLUSION

In the case of CARFLOAT #30, the post-casualty value of the Vessel ($60,000) reduced by the salvage costs paid ($397,000) yields *negative (-) $337,000*. This negative number is the value of Petitioners' interest in the Vessel for purposes of the Act. Petitioners are accordingly not required to post security or otherwise establish a limitation fund in connection with this action.

Respectfully submitted,

Dated: New York, New York  
June 28, 2006

KENNEDY LILLIS SCHMIDT & ENGLISH  
Attorneys for Petitioners  
GJ RAILCO ASSETS LLC and  
NEW YORK CROSS HARBOR RAILROAD  
TERMINAL CORP.

By: _____  
Craig S. English (CE 9890)  
75 Maiden Lane, Suite 402  
New York, New York  10038-4816  
Telephone:  212-430-0800

CRAIG S. ENGLISH, ESQ.  
THOMAS C. MURPHY, ESQ.  
    Of Counsel

6

Case 1:06-cv-03182-JBW-RER    Document 3    Filed 06/29/2006    Page 14 of 16

S:\FILES\4894_CROSS HARBOR\LIMITATION PLEADINGS\4894NOTICEOFPETITION.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE9890)
75 Maiden Lane - Suite 402
New York, N.Y. 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Petitioners
G J RAILCO ASSETS LLC and
NEW YORK CROSS HARBOR RAILROAD
TERMINAL CORP.

CV 06 3182

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

In the Matter of the Petition of )
GJ RAILCO ASSETS LLC and NEW YORK )
CROSS HARBOR RAILROAD TERMINAL ) 06 Civ.         (   )
CORP., as Owner/Charterer of )
CARFLOAT #30 for Exoneration from or )
Limitation of Liability )
)

ROSS, J

NOTICE OF PETITION FOR EXONERATION REYES, M.J
FROM OR LIMITATION OF LIABILITY

PLEASE TAKE NOTICE THAT:

GJ Railco Assets LLC and New York Cross Harbor Railroad Terminal Corp. have filed a Petition claiming the right to exoneration from or limitation of liability for all claims arising out of or in connection with a voyage of the CARFLOAT #30, which was in progress on January 8, 2006.

All persons having claims must file them under oath, as provided in Supplemental Rule F of the Federal Rules of Civil

1

Procedure, with the Clerk of the Court, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, and serve or mail a copy thereof to attorney for Petitioners, Craig S. English, Esq., Kennedy Lillis Schmidt & English, at 75 Maiden Lane, Suite 402, New York, New York 10038, on or before the 26th day of September, 2006 or be defaulted.

Personal attendance is not required.

Any claimant desiring to contest the claims of the Petitioners must file an answer to the Petition as required by Supplemental Rule F of the Federal Rules of Civil Procedure, and serve or mail a copy of same to the attorneys for Petitioner.

Dated: JUN 28 2006

ROBERT C. HEINEMANN
CLERK

Sandra Jones
Deputy Clerk

2